# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LAURA GARAY,

       Plaintiff,

vs.                                                  CIV. No. 98-266 BB/JHG

JAMES HAMILTON CONSTRUCTION
COMPANY, INC., ET AL.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of several motions for summary judgment filed by the four remaining individual Defendants (Docs. 64, 66, 68, and 70), as well as a joint motion for partial summary judgment filed by all Defendants (Doc. 60). The Court has reviewed the parties' submissions and the applicable law and, for the reasons set forth below, determines that the individual Defendants' motions should be GRANTED, except for the motions of Defendants Mares and Wood with respect to the defamation claim, which should be DENIED, and the joint motion should be DENIED.

    **ANALYSIS**

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. On a motion for summary

judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." Walker v. NationsBank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider Defendants' motions for summary judgment in light of these standards.

**Joint Motion for Summary Judgment on Putative Pre-1996 Claims**

Defendants filed this joint motion for partial summary judgment to preclude Plaintiff from raising any claim concerning an incident in 1993 in which she was allegedly deprived of a raise. No such claim was set out in Plaintiff's complaint, and Plaintiff's response to the motion indicates she will not attempt to submit such a claim to the jury. Therefore, the motion for summary judgment is unnecessary and will be denied. To the extent there are questions concerning the admissibility of evidence of alleged pre-1996 acts of any Defendant, those questions will be resolved as evidentiary matters rather than a summary-judgment issue.

**Summary Judgment Motions of Defendants Chitwood and Rogers**

These Defendants have moved for summary judgment on all claims raised by Plaintiff's complaint. They argue, first, that Plaintiff's Title VII claims (both the hostile-environment claim and the retaliation claim) may not be maintained against them as individuals. Plaintiff acknowledges there is Tenth Circuit authority to the effect that a Title VII claim may be pursued only against the employer, and not against individual supervisors or co-employees. *Haynes v. Williams*, 88 F.3d 898, 900-01 (10th Cir. 1996). However, Plaintiff points to dictum from an

2

earlier Tenth Circuit case, *Ball v. Renner*, 54 F.3d 664 (10th Cir. 1995). This dictum states the question of individual Title VII liability is an open question in the Tenth Circuit, and expresses a view favorable toward imposing such liability. *Id.* at 667-68. In *Haynes,* the Tenth Circuit specifically disavowed the *Ball* dictum. 88 F.3d at 900. This Court is not free to ignore *Haynes*, and therefore holds these individual Defendants cannot be held liable under Title VII. Summary judgment will be granted on the Title VII hostile-environment and retaliatory-discharge claims.

These Defendants also argue the state-law wrongful-termination and retaliatory-discharge claims cannot be maintained against them as individuals. They cite *Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 437-38, 872 P.2d 852, 855-56 (1994), for the proposition that such claims are dependent on an employer-employee relationship and may not be brought against individual supervisors. Plaintiff, on the other hand, argues an exception to the *Bourgeous* rule. According to Plaintiff, there is a question of fact as to whether these Defendants acted intentionally in terminating her employment, thus precluding application of the general *Bourgeous* rule. The Court disagrees. Under *Bourgeous,* it is possible (the New Mexico Supreme Court left open this question) that a retaliatory-discharge claim might lie against an individual supervisor, but only if the firing was an intentional act done solely for the supervisor's own interest and therefore outside the scope of the supervisor's employment. 872 P.2d at 855. It is not enough, therefore, to merely show a supervisor's actions were intentional; all employment terminations are intentional. Plaintiff was also required to establish that Defendants were acting solely for their own benefit, and outside the scope of their employment. Plaintiff has pointed to no such evidence. Therefore, summary judgment is also appropriate on her state-law claims for retaliatory discharge and wrongful termination.

These Defendants maintain there is insufficient evidence they intentionally inflicted severe emotional distress ("IIED") upon Plaintiff. In response, Plaintiff has made no argument concerning this claim and has pointed to no evidence supporting it, as concerns these two Defendants. Furthermore, the only actions of these two Defendants discussed in Plaintiff's brief are their attempts to convince Plaintiff's father to pressure Plaintiff to drop her E.E.O.C. claim, and a possible reduction in a bonus due Plaintiff's father, not Plaintiff. These acts are insufficient to establish an IIED cause of action. *See Silverman v. Progressive Broadcasting, Inc.*, 125 N.M. 500, 509, 964 P.2d 61, 70 (Ct. App. 1998) (claim for IIED requires plaintiff to show defendants engaged in extreme and outrageous conduct done recklessly or with intent to cause severe emotional distress). Summary judgment will be granted on this claim.

Plaintiff's brief has directed this Court to no evidence supporting either the defamation claim or the negligent supervision claim as they concern Defendants Chitwood and Rogers. Therefore, summary judgment will be granted on these claims as well.

**Summary Judgment Motions of Defendants Mares and Wood**

As Plaintiff has pointed out, Defendants Mares and Wood have not moved for summary judgment with respect to the IIED claim. Therefore, that claim will remain extant. Also, these Defendants have made the same arguments as the arguments discussed above concerning the Title VII hostile-environment and retaliation claims and the state-law retaliation and wrongful-discharge claims. For the reasons discussed above, summary judgment will be granted on those claims.

With respect to the defamation claim, these Defendants are in a different position than Defendants Chitwood and Rogers. Plaintiff has specifically alleged, in her brief, that these

4

Defendants published statements to third parties disparaging her competence as a laboratory technician. Plaintiff's brief refers to deposition excerpts from two different potential witnesses, Mr. Clemente and Mr. Carreon. Plaintiff has not, however, provided the Court with copies of the relevant excerpts from those depositions. Instead, Plaintiff's counsel has simply alleged in the response brief that Clemente and Carreon each testified in a certain manner in his deposition. The Court will therefore assume Plaintiff's description of their testimony constitutes the full extent of the relevant evidence they provided.[1]

According to Plaintiff, Clemente testified Mares made a statement, referring to Plaintiff, to the effect that if "they had a more responsible lab tech, that the paperwork would be more efficient." This alleged statement disparaged Plaintiff's competence as a laboratory technician, and could be interpreted as being based on undisclosed facts regarding Plaintiff's responsibility and work performance. As such, this statement might be considered defamatory, despite the fact it is essentially a statement of opinion rather than fact. *See Restatement (2d) Torts,* §§ 566, 573 (1977) (defamatory communication may consist of an opinion, if communication implies the existence of undisclosed defamatory facts as the basis for the opinion; slanderous statement

---

[1] Under F.R.C.P. 56, it was incumbent on Plaintiff to respond to the summary-judgment motions with affidavits, depositions, or other evidence controverting Defendant's evidence. Plaintiff's counsel's mere allegations as to the contents of various depositions is not sufficient. However, this Court has discretion, in the interests of justice, to allow Plaintiff an opportunity to marshal any evidence she has in opposition to Defendants' motions. *Cf. Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (additional time may be granted to Plaintiff to marshal evidence, even in absence of proper Rule 56(f) affidavit). Moreover, Defendants have not controverted Plaintiff's description of Clemente's and Carreon's deposition testimony. Therefore, for purposes of this motion, the Court will consider that description accurate and complete.

attacking a person's fitness for his or her trade or profession constitutes defamation).[2] The Court will find a genuine issue of material fact has been raised concerning the defamation claim as it concerns Defendant Mares.

Plaintiff also maintains Defendant Wood told Mr. Carreon Plaintiff was not competent. Again, as with Mares' alleged statements, this expression of opinion could under the circumstances be construed as based on undisclosed defamatory facts, and attacks Plaintiff's fitness for her profession. For the same reasons as those discussed above, summary judgment will be denied on this claim.

Both of these Defendants have moved for summary judgment on the negligent-supervision claim. Based solely on Plaintiff's brief, it is difficult to discern the basis of this claim with respect to these individual Defendants. Plaintiff argues that Hamilton, the corporate Defendant, failed to properly supervise Defendant Wood. This argument, however, concerns the corporate entity's potential liability for negligent supervision, not that of any individual Defendant. Plaintiff also argues Wood and Mares had knowledge of problems in the workplace and failed to act to control other employees. This reference is presumably to an employee named Rambert Wade, who allegedly caused many difficulties in the workplace. However, no details of Wade's alleged

---

[2]Defendants' only argument concerning the statements made by Carreon and Clemente is they were not defamatory because they were expressions of opinion rather than fact. As the Restatement makes clear, however, a statement is not insulated from defamation liability simply because it is an opinion. In the circumstances of this case, in which Plaintiff's supervisor (who presumably would have access to undisclosed information concerning Plaintiff's on-the-job performance) allegedly expressed a negative opinion concerning Plaintiff's responsibility and competence as an employee, it is possible an actionable defamation occurred. Given the arguments before the Court at this time, this opinion addresses only that narrow point, and does not address any other arguments Defendants might have to the effect that no liability should attach as a result of Mares' alleged statement.

actions have been provided to the Court, either in Plaintiff's brief or in any other factual submission. One of the prerequisites for a claim of liability under the negligent supervision doctrine is tortious conduct by a supervised employee. *Cf. E.E.O.C. v. MTS Corp.*, 937 F.Supp. 1503, 1515 (D.N.M. 1996) (employer may be liable in tort for wrongful conduct of an employee, under negligent supervision doctrine); *Herried v. Pierce County Pub. Transp. Benefit Auth. Corp.*, 957 P.2d 767, 771 (Wa.App. 1998) (where employee found not liable on discrimination claim, negligent-supervision claim based on employee's discrimination was not viable). In other words, if the supervised employee has not committed acts rendering him liable to the plaintiff, there can be no basis for a negligent-supervision claim based on that employee's actions. In Plaintiff's brief, however, she provides no details concerning conduct by Wade that might render him liable to Plaintiff. According to the brief, Wade committed some type of generalized verbal abuse toward Plaintiff as well as other employees, had a physical altercation with another employee, and was responsible for many of "the problems that plaintiff experienced in the workplace..." These general factual allegations are insufficient to establish Wade's liability to Plaintiff, in tort or otherwise. Similarly, they are insufficient to create a genuine issue of material fact concerning the negligent-supervision cause of action stated against Mares and Wood. *See Welsh v. City of Tulsa*, 977 F.2d 1415, 1419 (10th Cir. 1992) (party wishing to avoid summary judgment is obligated to come forward with specific facts showing there is a genuine issue for trial). Summary judgment will be granted on the negligent-supervision claim against these individual Defendants.

**CONCLUSION**

Based on the foregoing discussion, the Court will deny Defendants' motion for summary judgment concerning potential claims based on pre-1996 conduct; will grant the motions for summary judgment filed by Defendants Chitwood and Rogers, and dismiss them as individual Defendants; and will grant in part and deny in part the motions for summary judgment filed by Defendants Mares and Wood. As the Court understands the posture of this case, therefore, the only claims remaining against any individual Defendants in this case will be the claims for IIED and defamation against Defendants Mares and Wood.

**ORDER**

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment on putative claims prior to 1996 (Doc. 60) be, and hereby is, DENIED; that the motions for summary judgment filed by Defendants Chitwood and Rogers (Docs. 66 and 68) be, and hereby are, GRANTED, and these Defendants are dismissed from the action; and that the motions for summary judgment filed by Defendants Mares and Wood (Docs. 64 and 70) be, and hereby are, GRANTED in part and DENIED in part.

DATED June 22, 1999.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE

**Attorneys:**

**For Plaintiff**

Larry Ramirez
500 S. Main, Suite 332
Las Cruces, New Mexico 88001


**For Defendants**

Jeffrey A. Dahl
Lamb, Metzgar, Lines & Dahl, P.A.
P.O. Box 987
Albuquerque, New Mexico 87103